ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| GABRIEL BERRÍOS VÉLEZ<br><br>PETICIONARIO<br><br>v.<br><br>DR. ANTONIO YULIÁN VALENTÍN Y OTROS<br><br>RECURRIDOS | KLCE202401041 | *Certiorari pr*ocedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2022CV03817<br><br>Sobre: Impericia médica |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece el señor Gabriel Berríos Vélez (Sr. Berríos Vélez; peticionario) mediante el recurso de epígrafe. El peticionario nos solicita que expidamos un auto de *certiorari* y revoquemos la *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI) el 31 de julio de 2024 y notificada el 1 de agosto de 2024.

Adelantamos que, en el ejercicio de nuestra discreción, decidimos denegar la expedición del auto de *certiorari* solicitado.

**I**

El 14 de noviembre de 2022 el Sr. Berríos Vélez instó una *Demanda* contra el Dr. Antonio Yulián Valentín y Puerto Rico Medical Defense Insurance Company (recurridos). Luego de iniciado el descubrimiento de prueba, el 7 de junio de 2024, los recurridos presentaron una *Moción Solicitando Regulación de Honorarios de Perito* donde exponen que los honorarios solicitados por el perito del peticionario, el Dr. Carl Warren Adams (Dr. Warren Adams) eran excesivos, irrazonables y exorbitantes.[1] La cantidad requerida por el perito fue a razón de $1,000.00 por hora con una garantía mínima de 4 horas para un total de $4,000.00.[2] Por tal motivo,

---

[1] Apéndice del recurso, pág. 17.
[2] Apéndice del recurso, pág. 21.

los recurridos solicitaron al tribunal que redujera dicha cantidad a $200.00 la hora y garantizara tres (3) horas en lugar de cuatro (4). El fundamento esbozado para la procedencia de su petitorio fue que, al amparo de la Regla 23.1 (c) de Procedimiento Civil, los honorarios periciales deben ser razonables, por ello demostraron en sus anejos la cantidad que usualmente se otorga a peritos con cualificaciones como las del Dr. Warren Adams. También argumentan que la deposición del Dr. Warren Adams se llevaría a cabo a distancia mediante videoconferencia, por lo que el perito comparecería desde el lugar que le fuese más cómodo y conveniente y que por el caso tratarse de un solo demandado, era probable que la deposición no duraría más de dos (2) horas.[3]

En respuesta a lo anterior, el Sr. Berríos Vélez presentó su *Oposición a Moción Solicitando Regulación de Honorarios de Perito* donde esencialmente sostuvo que la petición de los recurridos no cumple con lo dispuesto por la Regla 23.1(c)(3) de Procedimiento Civil, ya que no demostraron que carecen de los medios económicos para sufragar los honorarios del Dr. Warren Adams.[4] El 31 de julio de 2024, el TPI declaró Ha Lugar la solicitud de los recurridos mediante *Orden* donde determinó establecer los honorarios para la toma de deposición del Sr. Warren Adams a razón de $300.00 la hora con tres (3) horas garantizadas.[5]

Luego de declarada No Ha Lugar una *Moción Solicitando Reconsideración de Orden Fijando los Honorarios para Deposición del Perito de la Parte Demandante* presentada por el Sr. Berríos Vélez, el peticionario acude ante nosotras mediante el recurso de *certiorari* del epígrafe y expone que el TPI incurrió en los siguientes señalamientos de error:

> Primer error: Erró el Honorable Tribunal de Primera Instancia al fijar los honorarios del perito de la parte demandante sin prueba de que no son razonables y cuando la parte demandada no ha demostrado que carece de los medios económicos para sufragar los honorarios según le requiere la Regla 23.1(c)(3) de Procedimiento Civil.

---

[3] Apéndice del recurso, págs. 18-19.
[4] Apéndice del recurso, págs. 31-42.
[5] Apéndice del recurso, pág. 52.

Segundo error: Erró el Honorable Tribunal de Primera Instancia ya que la fijación de honorarios de perito obliga al demandante a tener que financiar, en contra de sus intereses, la defensa de una compañía multimillonaria, quien es la aseguradora de la parte que se alega le causó serios y extensos daños, lo que, debido a sus limitados recursos económicos, le priva de tener su día en corte, tomando en cuenta que la prueba pericial es esencial en los casos de mala práctica médica.

El 8 de octubre de 2024, mediante *Resolución*, concedimos a los recurridos hasta el 15 de octubre para someter su posición en torno al recurso presentado. Estos comparecieron oportunamente.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la **denegatoria de una moción de carácter dispositivo**. […]. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. […] (Énfasis nuestro.)

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso

de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de

discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". (Énfasis nuestro.) *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**III**

Evaluado el recurso de *certiorari* presentado el 26 de septiembre de 2024, así como los documentos adjuntados al mismo y la oposición de los recurridos, somos del criterio que no se justifica nuestra intervención. A la luz de la Regla 52.1 de Procedimiento Civil, *supra*, no vemos cabida para expedir el recurso e incidir en el manejo del caso ante el TPI el cual tampoco encontramos ha incurrido en un abuso de discreción o que haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra el peticionario. Por consiguiente, no se nos persuadió sobre la deseabilidad de intervenir en esta etapa de los procedimientos.[6]

**IV**

Por todo lo anterior, denegamos expedir el presente auto de *certiorari*.

Notifíquese.

---

[6] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones